UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL ALEM,

    Petitioner,

v.

ERIC ARNOLD,

    Respondent.

Case No. 15-cv-03649-WHO

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Daniel Alem seeks federal habeas relief from his convictions in state court. Summary dismissal of his petition is not warranted. Respondent shall file an answer or motion to dismiss in response to the petition within 60 days of the date of this order, unless an extension of time is granted.

## BACKGROUND

Alem states that in 2012, following a jury trial in California state court, he was convicted of one count of attempted murder, one count of attempted robbery, and one count of assault with a firearm. He was also convicted of multiple enhancements, including for use of a firearm in the commission of a robbery. He was sentenced to 32 years to life and is currently in custody at the California State Prison, Solano.

## DISCUSSION

A court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

28 U.S.C. § 2243 provides that a court considering a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be

granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under section 2243, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, Rules Governing Section 2254 Cases, Advisory Committee Notes. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases. But "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Alem alleges that he is entitled to habeas relief because the state trial court delivered an erroneous instruction on the crime of robbery, thereby depriving him of due process under the United States Constitution. Liberally construed, this claim "cannot be characterized as so incredible or frivolous as to warrant summary dismissal." *Hendricks*, 908 F.2d at 492; *see also Conde v. Henry*, 198 F.3d 734, 740 (9th Cir. 1999) ("Where a trial court fails to properly instruct the jury regarding an element of the charged crime, the court commits a constitutional error that deprives the defendant of due process.") (internal quotation marks omitted). Respondent must file a response.

## CONCLUSION

1. The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's counsel, the Attorney General of the State of California.

2. Respondent shall file with the Court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an answer, respondent may file with the Court and serve on petitioner, within 60 days of the date of this order, a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

5. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of nonopposition to the motion within 30 days of receipt of the motion. Respondent shall file with the Court and serve on petitioner any reply within fifteen days of receipt of the opposition.

6. Upon a showing of good cause, requests for reasonable extensions of time will be granted provided they are filed on or before the deadlines they seek to extend.

**IT IS SO ORDERED**.

Dated: August 24, 2015



WILLIAM H. ORRICK  
United States District Judge